IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE PREMIER GROUP, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>DARREN BOYD BOLINGBROKE, HEIDI McNULTY, MICHAEL SHANE COLLARD, JOSEPH R. SIMMONS, JAMES J. HUBBARD, KIMSITH BOUN, MARIA ALVARADO and DHS GROUP, LLC,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00530-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 64.) This case involves a dispute between The Premier Group, Inc. ("Plaintiff"), and its former employees, Defendants Bolingbroke, McNulty, Collard, Simmmons, Hubbard, Boun, Alvarado, and DHS Group, LLC ("Defendants"). Plaintiff alleges that the individual Defendants misappropriated Plaintiff's proprietary information and began unlawfully competing with Plaintiff. (*See* Dkt. 1.) Presently before the Court is Plaintiff's "Motion for the Return of Cell Phones Without Removal of any Stored Data and Contents." (Dkt. 73.)

## ANALYSIS

Plaintiff requests the Court order Defendants "to return the cell phones belonging to Plaintiff . . ." and prohibit Defendants from using certain telephone numbers Plaintiff claims to own. (Dkt. 73.) Plaintiff appears to argue that the District Court already ordered return of the cell phones at issue. Plaintiff also argues that Defendants have not proven that they own the cell

phones at issue. Finally, Plaintiff argues it will suffer irreparable harm if Defendants continue to use the telephone numbers at issue.

Defendants oppose the motion, arguing that Plaintiff has misstated the District Court's instructions during the August 5, 2015 hearing. (Dkt. 75.) Defendants further argue that Plaintiff has not established the required elements to succeed on a writ of replevin.

I. **The District Court did not order Defendants to turn over the phones at issue and Plaintiff has presented insufficient justification for such an order.**

a. **The District Court did not order Defendants to return the phones.**

Plaintiff appears to argue that the District Court already ordered Defendants to surrender possession of the cell phones at issue. (Dkt. 73 at 2–3 (stating Plaintiff's seek an order "to return the cell phones belonging to Plaintiff on August 24, 2015 as ordered by this Court without removal [of certain data]").) This is not a fair characterization of the District Court's instructions from the August 5 hearing. As Defendants correctly point out, Judge Campbell ordered Defendants' counsel to make a data image of the information on the phones, review that data, and produce "the materials that [counsel] believe[s] are not personal." (Dkt. 66 at 14:22–25.) Plaintiff is cautioned to more carefully recount the Court's rulings and instructions in the future.

b. **Writ of replevin**

Magistrate Judge Warner recently issued an informative opinion describing the procedure for obtaining property by writ of replevin in the District of Utah. *See Wilderness Training & Consulting, LLC v. Aspen Educ. Grp., Inc.*, No. 14-866, 2015 WL 686019, at *2 (D. Utah Feb. 18, 2015). A Plaintiff seeking such a writ is required to establish several elements. The disputed

elements here include whether Plaintiff owns the property[1] and is entitled to possession. *See* Fed. R. Civ. P. 64; Utah R. Civ. P. 64A–64B.

First, Plaintiff does not appear to appreciate its burden here. Plaintiff must demonstrate that it can establish the elements for this writ, or provide some other justification for the emergency relief it seeks. While Judge Campbell ordered Defendants to produce documents establishing ownership of the cell phones, the District Court did not relieve Plaintiff of its burden. The District Court merely afforded Plaintiff the opportunity to make informed arguments demonstrating Plaintiff's entitlement to the cell phones. Plaintiff still bears the burden of persuasion. Plaintiff does not directly address the elements required to obtain a writ. Instead, Plaintiff suggests that Defendants cannot prove that they own the cell phones at issue. It is Plaintiff's burden to demonstrate that it owns the cell phones and is entitled to possession. *See* Utah R. Civ. P. 64A, 64B.

Plaintiff has not demonstrated that it owns the cell phones at issue, or that it is otherwise entitled to possession. Plaintiff advances as evidence "receipts for cellular telephones that Defendants Bolingbroke and McNulty submitted to Plaintiff for reimbursement in 2010, and . . . business expense reimbursement statements showing that Defendant Bolingbroke consistently submitted monthly reimbursement forms that included the Sprint bills." (Dkt. 71 at 4; *see also* Dkt. 60, Ex. A.) These reimbursements do not prove that Plaintiff owned the telephones. As Defendants point out, Plaintiff's reimbursement of expenses does not conclusively establish ownership of the cell phones. It is common for employers to reimburse expenses as a benefit of employment without seeking ownership in the item for which it reimbursed funds. Further,

---

[1] This requirement has alternatives, but the Court finds those cannot be met here because the telephones in question are in the possession of Defendants' counsel and the data on them has been imaged. Further, Plaintiff has not offered a factual basis that could establish any of the other factors. *See* Utah R. Civ. P. 64A(c)(4)–(10).

Plaintiff's employment agreement indicates that company property will be titled in Plaintiff's name. (*See* Dkt. 75, Ex. D.) This apparently was not done with the cell phones at issue here. At best, the evidence submitted to the Court indicates there is a genuine dispute over the ownership of the telephones. Accordingly, the Court will deny Plaintiff's request for the telephones.

## II. **Plaintiff's request for injunctive relief shall be addressed by the District Court.**

Plaintiff also alleges that it owns the telephone numbers associated with the telephones at issue and seeks an order prohibiting Defendants from using those telephone numbers. This request seeks injunctive relief and must be raised with the District Court at the appropriate time. This Court does not have the power to order injunctive relief, and has not been asked to provide its recommendation on such issues. *See* Dkt. 64; 28 U.S.C. 636(b)(1)(A).

## ORDER

Based on the foregoing, the Court **DENIES** Plaintiff's "Motion for the Return of Cell Phones Without Removal of any Stored Data and Contents." (Dkt. 73.)

IT IS SO ORDERED.

Dated this 19th day of August, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge